UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIGER A. ROGERS,<br><br>    Plaintiff,<br><br>        v.<br><br>LOTT,<br><br>    Defendant. | CAUSE NO. 3:24-CV-376-GSL-JEM |

OPINION AND ORDER

Tiger A. Rogers, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rogers alleges that, on October 1, 2022, Lt. Lott became angry because Rogers would not apologize to Sgt. Mitchell. Lt. Lott "threw [Rogers] thru (sic) the door way of DCH." ECF 1 at 2. Lt. Lott then followed Rogers up five flights of stairs to push him around and take his blankets, knowing it would leave him with no bedding whatsoever because Sgt. Mitchell had already taken his sheet. It was cold, but the heat had not been turned on yet. Staff were wearing coats, hats, and gloves while they worked. Rogers did

not get his sheets and blankets back for three weeks. During this time, his fingers and toes became numb and painful, and he was too uncomfortable to sleep.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It is important that prisoners follow orders given by guards. *Id*. at 476-77 (citing *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force is often warranted. *Id*. at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury

suffered by the prisoner. *Hendrickson*, 589 F.3d at 890. Here, additional fact finding may demonstrate that the force used against Rogers was not excessive but, giving him the inferences to which he is entitled at this stage of the case, he has stated a claim of excessive force against Lt. Lott.

The Eighth Amendment also prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate

complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference."). Giving Rogers the benefit of all reasonable inferences, he may also proceed against Lt. Lott for subjecting him to unconstitutional conditions of confinement by taking his blankets and depriving him of bedding for a three-week period when temperatures inside the prison were cold.

For these reasons, the court:

(1) GRANTS Tiger A. Rogers leave to proceed against Lt. Lott in his individual capacity for compensatory and punitive damages for using excessive force against him on October 1, 2022, in violation of the Eighth Amendment;

(2) GRANTS Tiger A. Rogers leave to proceed against Lt. Lott in his individual capacity for compensatory and punitive damages for subjecting Rogers to unconstitutional conditions of confinement for a three-week period beginning October 1, 2022, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lt. Lott at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service and it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Lott to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 3, 2024

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT