UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIGER A. ROGERS, <br><br> Plaintiff, <br><br> v. <br><br> LOTT, <br><br> Defendant. | CAUSE NO. 3:24-CV-376-GSL-JEM |

OPINION AND ORDER

Tiger A. Rogers, a prisoner without a lawyer, is proceeding in this case on two Eighth Amendment claims against Lt. Lott: (1) "in his individual capacity for compensatory and punitive damages for using excessive force against him on October 1, 2022[;]" and (2) "in his individual capacity for compensatory and punitive damages for subjecting Rogers to unconstitutional conditions of confinement for a three-week period beginning October 1, 2022[.]" ECF 5 at 4. Lt. Lott filed a motion for summary judgment, arguing Rogers did not exhaust his available administrative remedies before filing this lawsuit. ECF 18. Rogers filed a response and Lt. Lott filed a reply. ECF 27, ECF 37. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The parties provide evidence showing the following facts: On October 3, 2022, Rogers submitted a grievance complaining Lt. Lott had shoved him and taken the blankets from his cell on October 1. ECF 18-6 at 3. Rogers requested as relief that he be provided a blanket for his cell because it was cold at night and Lt. Lott be demoted for violating prison policy. *Id.* On October 12, 2022, the Grievance Specialist rejected and

returned this grievance to Rogers, stating: "Per policy 00-02-301, you cannot grieve for staff discipline. Camera shows Lt. Lott removing curtains which are unauthorized." *Id.* at 2. The Grievance Specialist attests that "Mr. Rogers' issues and alleged treatment were appropriate issues for the offender grievance policy," but "his request for relief made the grievance inappropriate, and caused it to be rejected." ECF 18-1 at 10. On October 17, 2022, Rogers resubmitted an identical grievance and included a letter to the Grievance Specialist clarifying that he was only attempting to grieve Lt. Lott's conduct and was not trying to grieve any matter of "staff discipline." ECF 18-7 at 2; ECF 27 at 11; ECF 17-1 at 23-25. The Grievance Specialist again rejected this grievance, stating only "you cannot grieve for staff discipline." ECF 18-7 at 3.

Here, construing the facts in the light most favorable to Rogers, the undisputed facts show the Grievance Specialist made the grievance process unavailable to Rogers. Specifically, the Grievance Specialist rejected Rogers' October 3 grievance because he requested as relief that Lt. Lott be demoted, which the Grievance Specialist determined was an "inappropriate" request for relief. ECF 18-6 at 2; ECF 18-1 at 10. The Offender Grievance Process does provide that "staff discipline" is a matter inappropriate to the grievance process. ECF 18-2 at 5. But the Offender Grievance Process further provides that: "No grievance shall be rejected because an offender seeks an improper or unavailable remedy, except that a grievance shall be rejected if the offender seeks a remedy to a matter that is inappropriate to the offender grievance process." ECF 18-2 at 8. The Grievance Specialist concedes "Mr. Rogers' issues and alleged treatment were appropriate issues for the offender grievance policy," and his grievance was only

3

rejected because "his request for relief made the grievance inappropriate." ECF 18-1 at 10. Because the Grievance Specialist rejected Rogers' October 3 grievance solely because it sought an improper remedy, this rejection violated the express language of the Offender Grievance Process that "No grievance shall be rejected because an offender seeks an improper or unavailable remedy." ECF 18-2 at 8.

Additionally, it is undisputed Rogers resubmitted his October 3 grievance on October 17 with a letter explaining he was not attempting to grieve staff discipline. It is apparent from this letter that Rogers was confused as to why his October 3 grievance was rejected, and he did not understand it was being rejected due to his request for relief. Nevertheless, the Grievance Specialist did not explain this to Rogers, and instead rejected the grievance once more simply because "you cannot grieve for staff discipline." ECF 18-7 at 3. The Grievance Specialist's conduct of rejecting Rogers' resubmitted grievance without making any attempt to correct Rogers' confusion or provide him any instruction prevented Rogers from modifying and resubmitting his grievance. *See Ebmeyer v. Brock*, 11 F.4th 537, 542–43 (7th Cir. 2021) (Remedies are considered unavailable when prison staff cause an inmate to believe he cannot file a grievance when, in fact, he can).

Accordingly, because the facts construed in Rogers' favor show the grievance office made his administrative remedies unavailable, Lt. Lott has not met his burden to show Rogers had available administrative remedies he did not exhaust before filing this lawsuit. Lt. Lott's motion for summary judgment (ECF 18) is therefore DENIED.

SO ORDERED on May 23, 2025

                                              /s/Gretchen S. Lund
                                              JUDGE
                                              UNITED STATES DISTRICT COURT